UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vincent Boyd,<br>    Plaintiff,<br>v.<br>Las Vegas Metropolitan Police Department,<br>    Defendant. | Case No. 2:25-cv-01577-APG-NJK<br><br>ORDER |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

I.     *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

II.     Screening the Complaint

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint seeks to bring a claim against the Las Vegas Metropolitan Police Department under 42 U.S.C. § 1983.  *See* Docket No. 1-1 at 2.  Local governments, such as municipalities, cannot be held liable under § 1983 on a *respondeat superior* theory.  *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978).  Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. A plaintiff may also establish *Monell* liability by proving that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021).

Plaintiff's case centers on allegations that unidentified police officers used excessive force. *See, e.g.*, Docket No. 1-1 at 3-4.  Plaintiff makes no allegations as to Las Vegas Metropolitan Police Department.  Assuming Plaintiff is alleging that the police offers were employed by Las Vegas Metropolitan Police Department, such allegations would be insufficient to plead a claim for *Monell* liability. *See, e.g., Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom").

In light of the above, Plaintiff has failed to state a claim against the Las Vegas Metropolitan Police Department. "Generally, a plaintiff who names municipal entities without *Monell* allegations will be given an opportunity to amend the complaint." *Nelson v. Inyo County Sheriffs Dept.*, 2007 WL 2711399, at *5 n.3 (E.D. Cal. Sept. 14, 2007). It seems unlikely that Plaintiff could cure the deficiency identified, but leave to amend will be provided to err on the side of caution.

**III.  Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **November 24, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: October 27, 2025.

                                          _____
                                          Nancy J. Koppe
                                          United States Magistrate Judge