UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vincent Boyd,<br>　　　　Plaintiff(s),<br>v.<br>C. Garcia, et al.,<br>　　　　Defendant(s). | Case No. 2:25-cv-01577-APG-NJK<br><br>ORDER |

　　　　Pending before the Court is Plaintiff's amended complaint, Docket No. 8, which the Court screens pursuant to 28 U.S.C. § 1915(e).

　　　　Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

　　　　Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment.  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013).  Whether force is constitutionally excessive turns on the objective reasonableness of the force.  *Id.*  Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The reasonableness of force is "ordinarily a question of fact for the jury." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1236 (9th Cir. 2013).

The amended complaint alleges that Plaintiff was asked to leave a gas station, at which time he went to a nearby fast-food restaurant.  Docket No. 8 at 3.  Plaintiff alleges that Defendants Garcia and Fernandez arrived, began questioning him about potential trespass at the gas station, and then assaulted him by, *inter alia*, slamming him against a brick wall.  *See id.* at 3-4.  Taking the allegations as true for purposes of screening and given his *pro se* status, Plaintiff states a colorable claim for excessive force against Defendants Garcia and Fernandez.[1]

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).  Nothing in this order should be construed as precluding the filing of a motion to dismiss the complaint.  A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).  Hence, it suffices to survive screening that Plaintiff has stated one claim.  *See, e.g.*, *Bem v. Clark Cnty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015).  It appears that Plaintiff may be attempting to bring other claims against Defendants.  The Court expresses no opinion as to the sufficiency of the amended complaint as to any claim other than excessive force.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's amended complaint may proceed past the screening phase.

2. The Clerk's Office must issue summonses for Defendants C. Garcia P#20740 and J. Fernandez P#18689, and deliver the same to the U.S. Marshal. The Clerk's Office must also deliver a copy of the amended complaint to the U.S. Marshal.

3. Plaintiff has twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service was accomplished, Plaintiff must file a notice identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 18, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.